IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAUNDRA MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:18cv128-CSC |
| ) | (WO) |
| DOLGENCORP, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

On February 22, 2018, defendant Dolgencorp, LLC, ("Dolgencorp") removed this case from the Circuit Court of Montgomery County, Alabama. In her complaint, plaintiff Saundra McCray ("McCray") alleges that she slipped and fell on a wet floor in one of the defendant's stores. McCray is a citizen of Alabama, and the notice of removal asserts that as the sole named defendant, Dolgencorp is a limited liability company organized under the laws of Kentucky with its principal place of business in Tennessee. Although McCray seeks compensatory and punitive damages, her complaint does not specify an amount of damages. Dolgencorp claims that because the complaint seeks damages and the plaintiff has not limited her damages to $74,999.99, "it is readily apparent from the Complaint alone that the amount in controversy exceeds the jurisdictional limit of $75,000.00." (Doc. # 1 at 6). On that basis, pursuant to 28 U.S.C. § 1441 and 1446, Dolgencorp removed the case to this court. *See* 28 U.S.C. § 1332.

McCray has not filed a motion to remand. Nonetheless, on April 4, 2018, the court ordered the parties to show cause why this case should not be remanded to the Circuit Court of Montgomery County because neither the complaint nor the notice of removal contain any facts that would establish the probable value of the plaintiff's claims for damages, and thus, the amount in controversy does not meet the jurisdictional minimum for the court to have jurisdiction over this matter. The parties filed responses to the court's order. *See* Docs. # 12 & 13. The defendant reiterated its position that the amount in controversy was met, and the plaintiff took "no position on whether this case should be retained by this court or remanded to state court." (Doc. # 13 at 2).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Upon consideration of the notice of removal, the complaint, the parties' responses to the court's order, and for the reasons which follow, the court concludes that it lacks jurisdiction over this matter, and this case should be remanded to the Circuit Court of Montgomery County, Alabama.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have

been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). All questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court. *Burns*, 31 F.3d at 1095.

## DISCUSSION

Dolgencorp removed this case solely on the basis of the court's diversity jurisdiction. To establish diversity jurisdiction, the removing party must not only demonstrate that the properly-joined parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, the removing party must also demonstrate that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

According to Dolgencorp, because the plaintiff has "asserted negligence and wantonness claims, . . . and seeks recovery for compensatory and punitive damages in an

3

unspecified amount," and because the plaintiff "has not made a formal or express disclaimer to damages in excess of $74,999," "it is readily apparent from the Complaint alone that the amount in controversy exceeds the jurisdictional limit of $75,000." (Doc. # 1 at 6, ¶ 15; Doc. # 12 at 4-5, ¶ 8). The court disagrees.

In *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citing *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)) (same). Under *Roe*, if a defendant does not provide evidence of the amount in controversy, but alleges that removability is apparent from the face of the initial complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. "In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* Instead, when the initial complaint does not include an unambiguous demand for a specific amount of damages, the removing defendant may satisfy its burden to establish subject matter jurisdiction, if, when the specific allegations of the complaint are viewed in light of "judicial experience and common sense," it is apparent from the face of the complaint that, "more

likely than not," the case satisfies the jurisdictional minimum. *Id*. at 1061-62.

Although *Roe* recognizes that "judicial experience and common sense" may support "reasonable inferences" drawn "*from the pleadings*" to determine whether "*the case stated in [the] complaint* meets federal jurisdictional requirements," nothing in *Roe* permits the court to indulge in speculation or fill empty gaps in the plaintiff's factual averments with unfounded assumptions about what the evidence may show. 613 F.3d at 1061 (emphasis added). "Judicial experience and common sense" are useless for making "*reasonable*" deductions, inferences, and extrapolations when the complaint is devoid of any averments from which to deduce, infer, or extrapolate. A reasonable inference "is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist.'" *Arrington v. State Farm Ins. Co.*, 2014 WL 2961104, *6 (M.D. Ala. July 1, 2014) (No. 2:14-cv-209-CSC) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2nd Cir. 2007). "[W]ithout facts or specific allegations, the amount in controversy" can be determined "only through speculation - and that is impermissible." *Pretka*, 608 F.3d at 753-54 (citing *Lowery Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). Moreover, it is axiomatic that all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court, *see Burns*, 31 F.3d at 1095; thus, to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand.

In her complaint, McCray alleges that "[o]n May 8, 2015, at the Dollar General store

5

located at 431 Coliseum Blvd., Montgomery, Alabama in the Eastbrook area of Montgomery, Alabama, Plaintiff was injured when she slip (sic) and fell on a wet surface of the Dollar General store." (Doc. # 1, Ex. 1 at 2, ¶ 4). On the face of her complaint, McCray asserts she was "injured and damaged" and seeks compensatory and punitive damages. (*Id*. at 3). The complaint contains no description of McCray's injuries, and, Dolgencorp presents no evidence of the severity of her injuries. Conspicuously absent from the complaint are any specific allegations from which one could draw any reasonable inference regarding the extent of McCray's injuries or damages. For example, it is not possible to discern from the complaint the extent of McCray's injuries; it is impossible to determine from the face of the complaint what injuries McCray sustained. The use of judicial experience and common sense to make reasonable deductions must come from specific factual allegations or evidence which the court does not have. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction); *Pretka*, 608 F.3d at 753-54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars' - only through speculation - and that is impermissible."). Thus, there is no evidence before the court from which it can determine the nature and extent of McCray's compensatory damages.

McCray also seeks punitive damages in conjunction that Dolgencorp's allegedly wanton conduct. However, the complaint contains no specific factual allegations that could provide any indication of the *degree* of reprehensibility of Dolgencorp's conduct. "'[T]he

most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.'" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)); *see also Roe*, 613 F.3d at 1065 (holding that, under Alabama law, "in assessing punitive damages, the worse the defendant's conduct was, the greater the damages should be."). In *Roe*, the court noted that the "factors used to determine the value" of a wrongful death claim for punitive damages "can generally be evaluated using the complaint's allegations regarding the defendant's behavior." *Roe*, 613 F.3d at 1064. In *Roe*, the complaint included specific, non-conclusory allegations that the defendant fully knew the potential danger that its conduct posed and that the danger was preventable with ordinary care, but "did not even attempt to take [preventative] measures," thus causing the plaintiff's death and "endangering the lives of thousands of people." *Roe*, 613 F.3d at 1066; Unlike the case in *Roe,* which involved a wrongful death claim, there are no allegations at all in the complaint from which the court could consider the extent of McCray's injuries, or the reprehensibility of Dolgencorp's conduct.

Finally, Dolgencorp urges the court to consider McCray's refusal to concede that she would not seek more than $75,000.00 in damages as support for its position that her damages exceeds the jurisdictional requirement. In *Williams v. Best Buy Co., Inc*., the Court recognized that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy" a defendant's burden. 269 F.3d 1316,
7

1320 (11th Cir. 2001). The mere fact that McCray has declined to stipulate that her damages are less than $75,000.00 is insufficient for the court to conclude that it is more likely than not that her damages exceed that amount.

Due to the lack of any factual detail in the complaint indicating the nature or extent of compensatory damages at issue or the reprehensibility of Dolgencorp's alleged conduct for the purpose of ascertaining punitive damages, the court declines to engage in "impermissible speculation" and "hazard a guess on the jurisdictional amount in controversy." *Pretka*, 608 F.3d at 752. In the absence of evidence or specific factual allegations in the complaint upon which to reasonably determine the extent of McCray's damages (i.e. a description of her injuries), the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction *should not be divined by looking to the stars*." *Pretka*, 608 F. 3d at 753 (quoting *Lowery*, 483 F.3d at 1215) (emphasis in *Pretka*).

Consequently, because the court cannot conclude that the amount in controversy exceeds $75,000, the court does not have jurisdiction over these proceedings, and this case must be remanded.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that this case be and is hereby REMANDED to the

Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

Done this 10th day of July, 2018.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE